UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULEA WARD,

        Plaintiff,

                                    Case No. 09-CV-11237
vs.                              HON. GEORGE CARAM STEEH

ROY WILBANKS, et al.,

        Defendants.

_____/

### ORDER OVERRULING PLAINTIFF'S OBJECTIONS (# 49)
### TO MAGISTRATE JUDGE'S NOVEMBER 5, 2009 ORDER (# 41),
### OVERRULING DEFENDANT'S OBJECTIONS (# 50)
### TO MAGISTRATE JUDGE'S NOVEMBER 5, 2009 ORDER (# 41)
### MODIFYING NOVEMBER 5, 2009 ORDER (# 41), AND
### DENYING DEFENDANTS' EMERGENCY MOTION TO STAY AS MOOT (# 56)

Plaintiff Julea Ward, and the several Eastern Michigan University ("EMU")
defendants, have filed objections to Magistrate Judge Paul Komives' November 5, 2009
Order granting in part Ward's motion to compel discovery, and denying the defendants'
motion for a protective order to limit discovery. Oral argument would not significantly aid
the decisional process. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the
objections be resolved without oral argument.

Ward filed a complaint on April 2, 2009 alleging the several EMU defendants,
including EMU Board of Control members, Deans, and Professors, violated her First
Amendment free speech and religious rights, and Fourteenth Amendment due process and
equal protection rights, by dismissing her from EMU's Counseling Program on March 26,
2009 based on her Christian beliefs and expressions opposing homosexual conduct. Ward

alleges EMU's Counseling Department prohibits its graduate students from advising clients during a Counseling Practicum course that the clients should refrain from engaging in homosexual conduct.  Ward alleges EMU unlawfully dismissed her after she refused to affirm or validate homosexual behavior.

As set forth in greater detail in Magistrate Judge Komives' Order, Ward filed an October 9, 2009 motion to compel the defendants to respond to four interrogatories and four corresponding requests for production of documents concerning: (1) all situations in the last five years in which students enrolled in EMU's graduate counseling program were unable to provide counsel to a client in either the Practicum or Internship courses; (2) all disciplinary proceedings initiated by the defendants in the last five years against students enrolled in EMU's graduate counseling program; (3) all instances in the last five years where a remediation plan was developed and offered and/or required of a student enrolled in EMU's graduate program; and (4) all complaints made, for the past five years, against students enrolled in EMU's graduate counseling program.  Ward also sought compelled discovery of the name and contact information of a particular student, contained in a sealed exhibit previously filed by the defendants as confidential.  Defendants filed a motion for a protective order on October 26, 2009 to prohibit Ward from obtaining further discovery concerning: (1) any incidents in which a Counselor-In-Training ("CIT") failed to provide counseling to a client for any reason other than an issue of conscious; (2) any students subjected to discipline or a remediation plan beyond the information previously disclosed; (3) any incidents when a CIT was the subject of a complaint; (4) the names of any non-party EMU students; and (5) the names of any clients who sought or received counseling at EMU's clinic.  These motions were referred to Magistrate Judge Komives.

2

Magistrate Judge Komives issued his order adjudicating the motions on November 5, 2009, finding that all of the discovery materials sought by Ward were relevant, while noting that Ward was only seeking the name and contact information of one student, and that the defendants were otherwise entitled to redact the names, addresses, social security numbers, and other personal information from their disclosures.  Judge Komives overruled the defendants' objection of confidentiality under the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g, concluding that the defendants must disclose the name and contact information of the one student sought by Ward, consistent with plaintiff's Counsel's assurance that the name would not be disclosed to Ward.  Judge Komives added that:

> Furthermore, it will be inappropriate to object at depositions based on the revelation of a name.  The depositions will be subject to the [September 21, 2009] stipulated protective order and are to be kept confidential by counsel and not to be shared with outside persons.

November 5, 2009 Order, at 9-10.  Judge Komives also considered defendants' overbreadth and burdensomeness arguments, and limited compelled discovery to the academic years of 2007-2008 and 2008-2009, while allowing Ward to seek leave for further discovery if the results of this disclosure were insufficient.  Magistrate Judge Komives denied defendants' motion for a protective order, ordering that defendants provide the responsive discovery by November 30, 2009.  Defendants filed an emergency motion on November 25, 2009 seeking a stay of Magistrate Judge Komives' November 5, 2009 Order until this court ruled on the parties' objections.

A district court shall consider objections to a magistrate judge's non-dispositive orders, and shall modify or set aside any portion of the orders found to be clearly erroneous or contrary to law.  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).  A ruling is clearly

3

erroneous if, upon review of the record, the district court is left with a definite and firm conviction that a mistake has been made. Patterson v. Heartland Industrial Partners, LLP, 225 F.R.D. 204, 205 (N.D. Ohio 2004) (quoting United States v. Hurst, 228 F.3d 751, 756 (6th Cir.2000)).  The scope of discovery lies in the broad discretion of the district court. Lewis v. ACB Business Services, Inc., 135 F.3d 389, 402 (6th Cir. 1998).  An abuse of discretion exists if a decision is based on an erroneous conclusion of law, the findings are clearly erroneous, or the decision is clearly unreasonable or arbitrary.  Youn v. Track, Inc., 324 F.3d 409, 420 (6th Cir. 2003).

Upon reviewing the parties' objections, the court is not left with a definite and firm conviction that a mistake has been made.  "Relevancy for discovery purposes is extremely broad.  The information sought need not be admissible in court in order to be relevant. Rather, the relevancy burden is met if the party can show that the information sought 'appears reasonably calculated to lead to the discovery of admissible evidence.'"  Miller v. Federal Express Corp., 186 F.R.D. 376, 383 (W.D. Tenn. 1999).  Defendants' objection that Ward's discovery requests are irrelevant to the extent the student targets of discovery are not "similarly situated" to Ward presumes the outcome of the discovery requests. Magistrate Judge Komives was entitled to apply an "extremely broad" relevancy test. Whether any of the results of this discovery will eventually be admissible at trial as relevant evidence of alleged disparate treatment awaits to be determined following discovery. Magistrate Judge Komives did not err by concluding that the requested discovery is reasonably calculated to lead to admissible evidence.  Miller, 186 F.R.D. at 383.

Defendants' objection that Magistrate Komives erred by permitting discovery to take place before defendants' October 16, 2009 motion to dismiss based on qualified immunity

is decided is not well taken.  While the cases cited by the defendants support the position that discovery should not take place until the issue of immunity is resolved, the parties have been conducting limited discovery in this matter since the initial June 1, 2009 Scheduling Conference.  Contrary to the defendants' current position, ten of the defendants moved for dismissal/summary judgment on October 7, 2009 arguing in part that there is no material factual dispute that these defendants played no role in the alleged deprivation of Ward's constitutional rights.  Defendants first moved for dismissal/summary judgment based on qualified immunity on October 16, 2009, more than four months after the June 1, 2009 Scheduling Conference, and a week after Ward filed her October 9, 2009 motion to compel discovery.  Defendants' current objection that all discovery should be "halted" until the issue of qualified immunity is decided is inconsistent with the procedural history and continuing adjudication of this matter.[1]

Defendants do not specially challenge Magistrate Judge Komives' analysis of a lack of privilege under 20 U.S.C. § 1232g(b)(2) of the FERPA, allowing for disclosure of "personally identifiable information in education records" "in compliance with judicial order, or pursuant to any lawfully issued subpoena[.]"  Records that are considered "confidential" under a statute are not necessarily "privileged" for purposes of discovery.  Seals v. Macomb County, 226 F.R.D. 572, 576 (E.D. Mich. 2005).  United States v. Miami University, 294 F.3d 797 (6th Cir. 2002), relied upon by the defendants, did not involve a release of student records "in compliance with [a] judicial [discover] order."  The fact that personal student records are considered "confidential" under the FERPA does not render

---

[1]     Seven of the defendants filed a motion for dismissal/summary judgment on December 1, 2009 arguing in part that there is no material factual dispute that they are entitled to judgment based on quasi-judicial immunity.

the information "privileged" for purposes of a judicial order compelling discovery consistent

with a stipulated protective order.  Defendants' invocation of the Michigan Mental Health

Code, M.C.L. § 330.1748 et seq., without more, is unavailing, and was not raised by the

defendants before Magistrate Judge Komives.

Defendants object to that part of the November 5, 2009 Order allowing that Ward

may seek leave for further discovery if the results of the compelled disclosure for the two

academic years of 2007-2008 and 2008-2009 are "insufficient," arguing the Magistrate

Judge erred by failing to definitively limit the scope of discovery.  Ward objects that the

Magistrate Judge erred by relying on defendants' unsupported arguments that a full five-

year discovery period was overbroad and burdensome.  The court is not left with a definite

and firm conviction that Magistrate Judge Komives abused his discretion in balancing the

parties' competing interests.  Magistrate Judge Komives did not err by initially granting

discovery over a two-year period, awaiting the results of discovery until deciding whether

discovery over a five-year period is warranted under a balancing of the parties' interests.

The court is not persuaded that Magistrate Judge Komives' use of the term "insufficient"

limits this court's ability to assess the propriety of further discovery consistent with the

balancing approach contemplated by the discovery rules.

Upon reviewing the November 5, 2009 Order and the parties' objections and

underlying arguments, the court finds the Order is neither clearly erroneous nor contrary

to law.  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).  The court is concerned, however,

with the privacy rights of EMU students who may be contacted by Ward after their names

are disclosed pursuant to the November 5, 2009 Order or at depositions.  Magistrate Judge

Komives is correct in reasoning that student names and personal information remain

protected from general disclosure by operation of the September 21, 2009 Stipulated Protective Order, thereby negating objections to such disclosure at depositions.  Balancing the parties' and the students' interests, and to protect the students from annoyance, embarrassment, oppression, or undue burden, the court finds good cause exists  for ordering plaintiff Ward not to initiate contact or subpoena a student whose name is disclosed pursuant to Magistrate Komives' September 5, 2009 Order or at a deposition unless and until Ward shows cause to the court why any specific student should be contacted or subpoenaed.  Fed. R. Civ. P. 26(c)(1)(D).

For the reasons set forth above, the parties' competing objections are hereby OVERRULED.  The November 5, 2009 Order is affirmed by the court with the additional modification that plaintiff Ward shall not initiate contact or subpoena a student whose name is disclosed pursuant to the September 5, 2009 Order or at a deposition unless and until Ward shows cause to the court why any specific student should be contacted or subpoenaed.  Defendants' Emergency Motion to Stay the November 5, 2009 Order is hereby DENIED as MOOT.

SO ORDERED.

Dated:  December 10, 2009

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
December 10, 2009, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk