JULEA WARD,

        Plaintiff,

                                            Case No. 09-CV-11237

vs.                                    HON. GEORGE CARAM STEEH

ROY WILBANKS, et al.,

        Defendants.

_____/

ORDER OVERRULING DEFENDANTS' OBJECTIONS (# 101)
AND SUSTAINING IN PART PLAINTIFF'S OBJECTIONS (# 102)
TO MAGISTRATE JUDGE'S FEBRUARY 23, 2010 ORDER (# 96)

        Plaintiff Julea Ward, and the several Eastern Michigan University ("EMU") defendants, have filed objections to Magistrate Judge Paul Komives' February 23, 2010 Order granting in part Ward's motion to compel discovery, and denying Ward's sealed motion for leave to contact a particular student. The court held a conference on the record with the parties with regard to this matter on April 29, 2010.

        Ward filed a complaint on April 2, 2009 alleging the several EMU defendants, including EMU Board of Control members, Deans, and Professors, violated her First Amendment free speech and religious rights, and Fourteenth Amendment due process and equal protection rights, by dismissing her from EMU's Counseling Program on March 26, 2009 based on her Christian beliefs and expressions opposing homosexual conduct. Ward alleges EMU's Counseling Department prohibits its graduate students from advising clients during a Counseling Practicum course that the clients should refrain from engaging in

homosexual conduct. Ward alleges EMU unlawfully dismissed her after she refused to affirm or validate homosexual behavior.

On February 1, 2010, the court entered an order granting in part defendants' motion to dismiss or in the alternative for summary judgment and denying plaintiff's Rule 56(f) motion for relief from defendants' motion for summary judgment. The effect of this order was to dismiss defendants EMU Regents Wilbanks, Clack, Hawks, Incarnati, Okdie, Parker, Sedlik and Stapleton, and EMU President Dr. Martin. The only remaining defendants are Polite, Dean of the College of Education; Ametrano, Francis, Marx, Callaway and Dugger, Professors; and Stanifer, a student member of the Formal Review Committee.

Ward filed two motions on January 21, 2010, both of which were referred to Magistrate Judge Komives for decision. The first is Ward's motion to compel the defendants to respond to Interrogatory No. 20 and Request for Production of Documents No. 21, seeking information regarding a situation involving EMU professor Louise Patrick wherein an alleged accommodation was made within EMU's music education program for one or more Muslim students, as well as information regarding other such instances where accommodations have been made for an EMU student "whose religious beliefs have prevented them from being able to complete part or all of a class assignment or course requirement." Magistrate Judge Komives issued his order adjudicating the motion on February 23, 2010, ruling that defendants are required to serve Ward with a partial further response to these discovery requests, "limited to the information available from Professor Patrick with regard to the one situation referred to which allegedly occurred within the past five years." (Order [# 96], p. 6-7).

The second motion is Ward's sealed motion for leave to contact and/or subpoena

a student referenced at confidential exhibits EMU 140/483.  Magistrate Judge Komives cited to this court's December 10, 2009 order overruling the parties' objections to his November 5, 2009 order:

> Balancing the parties' and the students' interests, and to protect the students from annoyance, embarrassment, oppression, or undue burden, the court finds good cause exists for ordering plaintiff Ward not to initiate contact or subpoena a student whose name is disclosed pursuant to Magistrate Komives' September 5, 2009 Order or at a deposition unless and until Ward shows cause to the court why any specific student should be contacted or subpoenaed.  Fed. R. Civ. P. 26(c)(1)(D).

Magistrate Judge Komives denied Ward's motion, concluding that good cause has not been shown, because the comparability of plaintiff with the student referenced has not been clearly established.  He also concluded that the information Ward needs has been provided by documentary discovery and by the deposition of Professor Ametrano.  (Order [# 96], p. 7).

Both sides have filed objections to Magistrate Judge Komives' order.  A district court shall consider objections to a magistrate judge's non-dispositive orders, and shall modify or set aside any portion of the orders found to be clearly erroneous or contrary to law.  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).  A ruling is clearly erroneous if, upon review of the record, the district court is left with a definite and firm conviction that a mistake has been made.  Patterson v. Heartland Industrial Partners, LLP, 225 F.R.D. 204, 205 (N.D. Ohio 2004) (quoting United States v. Hurst, 228 F.3d 751, 756 (6th Cir.2000)).  The scope of discovery lies in the broad discretion of the district court.  Lewis v. ACB Business Services, Inc., 135 F.3d 389, 402 (6th Cir. 1998).  An abuse of discretion exists if a decision is based on an erroneous conclusion of law, the findings are clearly erroneous, or the decision is clearly unreasonable or arbitrary.  Youn v. Track, Inc., 324 F.3d 409, 420 (6th

Cir. 2003).

I. <u>Defendants' Objections to Order Granting in Part Plaintiff's Motion to Compel Responses to Interrogatory No. 20 and Request for Production of Documents No. 21 [Doc # 101]</u>

In responding to discovery requests, defendants provided information regarding other students within EMU's graduate counseling program over the preceding five-year period. Next, pursuant to court order, defendants manually searched two years of physical student files, and produced a few additional responsive documents. In Interrogatory No. 20 and Document Request No. 21, Ward in part seeks information regarding whether accommodations were made to Muslim students in the music education program due to their religious beliefs.

Defendants make two arguments in support of their objections to Magistrate Judge Komives' order requiring them to respond with information available from Professor Patrick regarding the Muslim students. First, the Muslim students in question were enrolled in EMU's Music and Dance Program, which is part of the College of Arts and Sciences, and is not within EMU's College of Education, nor does it have anything to do with the graduate counseling program. Second, defendants argue that in order for the evidence sought to be relevant, it must relate to a student who is similarly situated to Ward. Defendants argue that the alleged Muslim students are not similarly situated to Ward because they had different supervisors, were in a different program, and were subject to a different curriculum.

"Relevancy for discovery purposes is extremely broad. The information sought need not be admissible in court in order to be relevant. Rather, the relevancy burden is met if the party can show that the information sought 'appears reasonably calculated to lead to

4

the discovery of admissible evidence.'" Miller v. Federal Express Corp., 186 F.R.D. 376, 383 (W.D. Tenn. 1999). Defendants' objection that Ward's discovery requests are irrelevant to the extent the student targets of discovery are not "similarly situated" to Ward presumes the outcome of the discovery requests. Magistrate Judge Komives was entitled to apply an "extremely broad" relevancy test. Whether any of the results of this discovery will eventually be admissible at trial as relevant evidence of alleged disparate treatment awaits to be determined following discovery. Magistrate Judge Komives did not err by concluding that the requested discovery is reasonably calculated to lead to admissible evidence, Miller, 186 F.R.D. at 383, and therefore his ruling is upheld.

II. Plaintiff's Objections to Discovery Order [Doc. # 102]

    A. Interrogatory No. 20 and Request for Production # 21

In Interrogatory No. 20 and Document Request No. 21, in addition to seeking information regarding the Muslim students discussed above, Ward also asks defendants to identify instances in the past five years in which an EMU student was accommodated because their religious beliefs prevented them from being able to complete an assignment or course requirement. Ward subsequently limited her request to students in the School of Education in order to resolve an overbreadth objection. Magistrate Judge Komives denied Ward's motion to compel with regard to this discovery request. Ward objects to this part of Magistrate Judge Komives' ruling.

Defendants' primary defense in this case is that Ward has no right to ask for an exemption from EMU's curriculum, and that they rightfully dismissed her. Ward seeks the requested discovery to prove that EMU allows religious accommodations where student beliefs conflict with its curriculum, but that it has withheld such an accommodation from

5

Ward. Under the liberal relevancy standard employed by the federal courts, Ward's discovery request is reasonably calculated to lead to admissible evidence.

Defendant next argues that Ward's request is overbroad and unduly burdensome because it would require defendant to interview every professor, lecturer and teaching assistant in the College of Education for the last five years, as well as looking through the files of every student enrolled in the College of Education during that time. The court acknowledges that such a burden and expense of the proposed discovery outweighs its likely benefit. Accordingly, the ruling by Magistrate Judge Komives cannot be found arbitrary and must be affirmed.

### B. Contact and/or Subpoena Student Identified at Confidential Exhibit EMU 140/483

Defendants admit they initiated an informal review conference against the EMU 140/483 student based on "work she submitted" in the "cross-cultural counseling class" that reflected her religious beliefs, and that they created a "remediation plan" to help the student "keep her religious beliefs out of her behavior with students." (Ametrano Dep. 5, 6). The EMU 140/483 student was taking the same class at issue with Ms. Ward - COUN 571. Plaintiff took Dr. Ametrano's deposition, during which she testified that the student had been disciplined because of classroom submissions that reflected her religious beliefs. The student was called into an informal review conference at which time she agreed to a remediation plan. Dr. Ametrano testified that the student finished the course she was taking (COUN 571), but she never submitted the remediation plan, never applied for practicum, never graduated, and was never heard from again. (Ametrano Dep. 5-8).

Defendants' own version of what happened with regard to the EMU 140/483 student shows a strong comparability of Ward's situation with the EMU 140/483 disciplinary matter.

6

However, the information provided by Dr. Ametrano and documentary discovery is insufficient, leaving unanswered the question of *why* the student discontinued her education at EMU after agreeing to the remediation plan.

The court finds good cause to permit plaintiff's counsel to contact or subpoena the EMU 140/483 student. The student's identifying information is protected by the Protective Order already in place in this case, and she is under no obligation to answer any questions. Under all of these circumstances, the court finds that it would be arbitrary to conceal this student's identity and therefore sustains plaintiff's objection. Defendants shall disclose such information in accordance with the Protective Order in place.

SO ORDERED.

Dated: May 4, 2010

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 4, 2010, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---