UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULEA WARD,

        Plaintiff,

                                                                               Case No. 09-CV-11237

vs.                                                                       HON. GEORGE CARAM STEEH

ROY WILBANKS, et al.,

        Defendants.
_____/

ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO REVIEW CLERK'S DENIAL
OF THEIR BILL OF COSTS AND TO SEEK COSTS [DOC. 146]

On July 26, 2010, this court entered judgment against the plaintiff, Julea Ward. Local Rules 54.1 and 54.1.2 require a prevailing party to file a bill of costs and motion for attorneys' fees and nontaxable expenses no later than 28 days after entry of judgment. Defendants filed their bill of costs on August 23, 2010. The clerk denied defendants' bill of costs on August 24, 2010, finding some of the costs requested to be lacking in the required supporting documentation, and finding the remaining items to be not taxable by the clerk. Defendants filed this motion for review the clerk's denial of their bill of costs and seeking costs on August 30, 2010. For the reasons stated, defendants' motion is granted in part and denied in part.

Taxable costs, which a prevailing party is entitled to as a matter of course so long as they file a properly supported bill of costs, are set out in 28 U.S.C. § 1920. See also, Fed. R. Civ. P. 54(d)(1). These costs include taxable fees of the clerk, fees of the court reporter for transcripts necessarily obtained for use in the case, witness fees, service fees, certain copying fees, and other costs. The taxable versus non-taxable costs, as well as the required supporting documentation and guidelines used by the taxation

clerk, are set out in the Bill of Costs Handbook. In addition, nontaxable expenses incurred in a civil rights action brought under 42 U.S.C. § 1983 may be sought by way of a motion, as a component of an attorney fee award. 42 U.S.C. § 1988; Fed. R. Civ. P. 54(d)(2). These expenses include things such as postage, telephone calls, travel, and legal staff fees.

Defendants sought reimbursement for $4,233.70 incident to deposition and hearing transcripts. The clerk denied these costs because "no receipts for the deposition and hearing transcripts are attached to the bill of costs." As an example of why it was denying the request, the clerk noted it could not determine from the expense reports whether the costs were for an expedited transcript, which is a non-taxable cost. Defendants provide proper documentation related to their deposition and hearing transcript fees with their motion challenging the clerk's denial of costs. However, the documentation reveals costs totaling $1090 related to videotaping the depositions of Ms. Ward and Dr. Vernon Polite. The Bill of Costs Handbook does not permit the taxation of fees related to videotaped depositions unless ordered by the court. Defendants consent to deducting the videotape costs. The court GRANTS defendants' motion for review of their bill of costs as to deposition and hearing transcripts in the amount of $3,143.70.

Defendants sought reimbursement for $6,488.82 in photocopying and imaging costs. The clerk denied these costs because they are "not taxable without a court order authorizing the recovery of these costs." The Bill of Costs Handbook provides that the cost of copying papers necessarily obtained for use in a case are not recoverable within the discretion of the taxation clerk unless counsel has previously secured an order

2

authorizing the recovery of such costs. This case involved numerous dispositive motions, many depositions, and a large number of discovery motions. The court is well aware of the volume of papers filed by both sides in this matter. While the court understands plaintiff's argument that defendants have not documented the costs associated with the specific papers filed, nor that such were "necessarily obtained, it would be quite difficult to do so in a case that generated as much paper as this one. The court is satisfied with the documentation provided by defendants, especially due to the fact that the court has first-hand knowledge of the filings in this case. Therefore, the court GRANTS defendants' motion for review of their bill of costs as to photocopying costs, in the amount of $6,488.82.

As to the non-taxable costs sought to be recovered by defendants, including telephone conferencing costs, computerized legal research costs, mail and delivery costs, travel costs, and staff overtime costs, the court DENIES such costs for the reason that they were not sought by way of a timely motion as required by L.R. 54.1.2(a).

So ordered.

Dated: December 13, 2010

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
December 13, 2010, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---